UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:15-MC-00002-GNS

UNITED STATES OF AMERICA                                                     PETITIONER

v.

DANNY BUTLER                                                              RESPONDENT

## MEMORANDUM OPINION (CONTAINING FINDINGS OF FACT AND CONCLUSIONS OF LAW) AND CONTEMPT ORDER

This matter comes before the Court on Petitioner's Motion for Contempt (DN 12) which was heard during a hearing on May 3, 2016, in Bowling Green, Kentucky. There appeared Kyle Bishop, Counsel for the United States; and Respondent Danny Butler and his retained counsel, Elmer George. These proceedings were digitally recorded via Court ECRO Jessica Mercer. Following the hearing, the Court makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1.     The United States Attorney's Office for the Western District of Kentucky brought this action on August 12, 2015, seeking to enforce two Internal Revenue Service ("IRS") summonses that had been previously served on Butler. (Pet. to Enforce IRS Summonses, DN 1).

2.     The summons presented on IRS form 6637 dated October 30, 2014, requesting documents and records from Butler for the period of October 1, 2006, to October 29, 2014, to prepare a Collection Information Statement. (Pet. to Enforce IRS Summonses Ex. to Ex. 1, DN 1-3). The other summons was also presented on IRS form 6637 dated January 9, 2015,

requesting documents and records from January 1, 2014, to December 31, 2014, to prepare a Collection Information Statement. (Pet. to Enforce IRS Summonses Ex. to Ex. 2, DN 1-4).

   3. On August 13, 2015, the Court ordered Butler to appear before Magistrate Judge Brennenstuhl for a show cause hearing on October 14, 2015, at 10:00 a.m. CT in Bowling Green, Kentucky. (Show Cause Order, DN 4).

   4. On September 2, 2015, the Court issued an amended order directing Butler to appear before Magistrate Judge Brennenstuhl for a show cause hearing on October 28, 2015, at 11:00 a.m. CT in Bowling Green, Kentucky. (Am. Show Cause Order, DN 7).

   5. On October 27, 2015, the parties jointly moved for entry of a proposed agreed order enforcing the summonses. (Joint Mot. for Entry of Proposed Agreed Order, DN 10). As set forth in the proposed order, the parties stipulated to the following: (i) the summonses were issued for a proper purpose; (ii) the summonses requested testimony, books, papers, records, and other data that are relevant for the purposes for which the summonses were issued; (iii) the summonses requested testimony and documents for information not already in the possession of the IRS; (iv) IRS followed all required administrative steps for the issuance of summonses; and (v) the United States properly served Respondent with copies of the show cause orders (DN 6, 8). (Order Enforcing Summonses 1-2, DN 10-1). The contents of the stipulation were sufficient for Petitioner to meet its *prima* facie case for enforcement of the summonses. *See United States v. Pinnacle Hill, Inc.*, No. 84-CV-9024-BC, 1984 WL 6590, at *4 (E.D. Mich. Mar. 23, 1984).

   6. On October 29, 2015, the Court entered the order enforcing the summonses and directing Butler to appear before Revenue Officer Charles Hinckley or any other designee of the Internal Revenue Service to provide summonsed testimony, books, papers, records, and other data no later than January 2, 2016. (Order Enforcing Summonses 2).

7. On April 25, 2011, Petitioner moved to hold Butler in contempt of court for failure to comply with the Court's order of October 29, 2015. (Pet'r's Mot. for Contempt, DN 12). Prior to the filing of the motion, the parties had agreed to give Butler an additional six weeks beyond the Court's January 2, 2016, deadline, but Butler never complied with the summonses or the Court's order. (Pet'r's Mem. in Supp. of Mot. for Contempt 4, DN 12-1).

8. On April 22, 2016, the Court ordered a hearing on Petitioner's Motion for Contempt and directed Butler to personally appear. (Order, DN 17).

9. On May 3, 2016, the counsel and Butler appeared before the Court on Petitioner's Motion for Contempt. Butler acknowledged that he has failed to obey the summonses and stipulated to a *prima face* case of civil contempt.

## CONCLUSIONS OF LAW

1. Any of the above-stated findings of fact that would be more appropriately listed in the conclusions of law are hereby incorporated by reference and adopted as Conclusions of Law.

2. Broad discretion is given a trial court in deciding a contempt petition. *See Elec. Workers Pension Tr. Fund v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003).

3. "In order to hold a litigant in contempt, the movant must produce clear and convincing evidence that shows that 'he violated a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id*. at 379 (quoting *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). In addition, the court's previous order of which the non-movant is in violation must be "clear and unambiguous" to support a finding of contempt. *See Liberte Capital Grp., LLC v. Capwill*, 462 F.3d 543, 550 (6th Cir. 2007) (citing *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996)).

4. If the movant sets out a *prima facie* case, the non-movant must then provide evidence "showing that he is presently unable to comply with the court's order." *Id*. (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). The burden upon the non-movant is stringent, as he must demonstrate "categorically and in detail why he or she is unable to comply with the court's order." *Elec. Workers Pension Tr. Fund*, 340 F.3d at 379 (quoting *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (6th Cir. 1996)). A court may also consider if the non-movant "took all reasonable steps within [his or her] power to comply with the court's order." *Id*. (quoting *Peppers v. Barry*, 873 F.2d 967, 968 (6th Cir.1989)).

5. Based on the record before it, the Court finds that Petitioner has shown clear and convincing evidence that Butler has violated the order of October 29, 2015.

6. The Court's order unambiguously required Butler to cooperate with the IRS's investigation and to make available the requested documents in the summonses. It made clear that Butler was to turn over the petitioned-for documents set forth in the summonses by January 2, 2016.

7. To date, Butler has neither abided by this order nor offered legitimate reasons counseling against such action.

## **CONCLUSION**

For the aforementioned reasons, **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Motion for Contempt (DN 12) is **GRANTED**.

2. Respondent Danny Butler must comply with the Court's previous order of October 29, 2015 (DN 11) by providing the documentation requested in the IRS summonses by no later than the close of business on May 6, 2016.

3.      If Respondent Danny Butler fails to comply by **May 6, 2016**, Respondent **SHALL** pay a daily fine of **$500.00** per day until he purges his contempt.

4.      If Respondent Danny Butler fails to comply by the close of business on May 13, 2016, the U.S. Marshal **SHALL** arrest Respondent Danny Butler wherever he may be found, and Respondent **SHALL** be incarcerated until he purges his contempt.

5.      Respondent Danny Butler may purge this order of contempt by complying with the Court's earlier orders and releasing the requested documents to either the Petitioner's counsel or Revenue Officer Robert Nicks.

**Greg N. Stivers, Judge**
**United States District Court**
May 4, 2016

cc:    counsel of record

BG 0|14